UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| JAN VAN ECK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:18-cv-232 |
| | ) | |
| DEUTSCHE BANK AMERICAS | ) | |
| HOLDING CORPORATION, DEUTSCHE | ) | |
| BANK TRUST CORPORATION, | ) | |
| DEUTSCHE BANK TRUST COMPANY | ) | |
| AMERICAS, and DEUTSCHE BANK | ) | |
| NATIONAL TRUST COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER
(Doc. 4)

Defendant Deutsche Bank Americas Holding Corporation ("DBA") moves to dismiss self-represented Plaintiff Jan Van Eck's Complaint under Federal Rule of Civil Procedure 12(b)(6).[1] (Doc. 4.) In December 2018, Plaintiff brought this diversity action seeking damages of $5,400,000 and injunctive relief for, among other claims, slander of title and theft by conversion of a note connected to a property in Weston, Connecticut. Plaintiff opposes the motion (Doc. 16) and DBA filed a reply (Doc. 17).

## Factual Background

### I. Allegations of the Complaint

Plaintiff alleges that in 2005, Walter Reddy III, a non-party to this case, obtained a loan in the amount of $542,400 to purchase a home. The loan was memorialized in a note and

---

[1] Although four other entities are named in the Complaint, DBA asserts Plaintiff has served only itself and so the motion is submitted only on behalf of DBA, though it further asserts the "bases for dismissal . . . apply equally to all Defendants." (Doc. 4 at 1 n.1.)

Mr. Reddy granted a mortgage to Lydian Private Bank to secure the loan with the home in Weston, Connecticut. Plaintiff asserts Lydian "negotiated the Note into the stream of commerce" and "ultimately" that he purchased it. (Doc. 1 ¶ 15.)

Plaintiff alleges that in 2009 and 2013 mortgage assignments were recorded in the Town of Weston Land Records, eventually assigning the mortgage to "Morgan Stanley Mortgage Loan Trust 2005-10." (Doc. 1 ¶¶ 21-22, 27.) Then, at some point "best known to Defendants," they "obtained an electronic copy of the Note." (*Id.* ¶ 2.) Plaintiff alleges the purpose of the "Morgan Stanley Mortgage Loan Trust 2005-10" was:

> to create a façade or ghost entity to claim collection rights to various loans where the provenance trail was obscured. The Bank Defendants, together and in concert with their various agents that hired themselves out for the purpose, then proceed to posture themselves as the rightful entities to collect on the Note or Notes to the exclusion of the proper parties.

(*Id.* ¶ 20.) In 2009, the Bank Defendants sued Reddy in Connecticut state court in docket number FST-cv-09-5010722-S "alleging a default in payments under the Note and demanding the taking of the Property by foreclosure." (*Id.* ¶ 31.) Plaintiff further alleges the foreclosure action was dismissed on October 8, 2010.

Based on these allegations, Plaintiff asserts five claims. Count 1 is a claim for slander of title because the "acts and practices of Defendants have alienated the free Title to the Property and interfered with the Title so as to impede Plaintiff's rights to the security of his Note." (*Id.* ¶ 38.) He alleges the fair market value of the property is $600,000. Count 2 is a claim for theft by conversion because Defendants have "converted the title to the . . . Property, which is security for Plaintiff's Note, to inure to their own benefit, and to the harm, losses and injuries of Plaintiff." (*Id.* ¶ 43.) He asserts the "proper measure of damages is nine (9) times the value of the Property." (*Id.* ¶ 46.) Count 3 is a claim for reformation of instruments against only

Deutsche Bank National Trust Company ("DBNTC"). Plaintiff alleges DBNTC has no "monetary interest in the Reddy property" and he seeks reformation voiding the mortgage assignments and Certificate of Foreclosure. (*Id.* ¶ 49.) Count 4 is a claim for interference with financial advantage against all Defendants. Plaintiff alleges "the acts and practices of defendants . . . have effectively rendered the Note of Reddy valueless, as Reddy has been so harmed and crippled by Defendants' acts as to be unable to pay Plaintiff on the Note." (*Id.* ¶ 57.) He seeks nine times the face value of the note.[2] Count 5 is a claim for negligence pled in the alternative to the intentional torts claimed. (*Id.* ¶ 61.)

## II. Connecticut Litigation

To its motion to dismiss, DBA attaches the docket sheet from the Connecticut foreclosure action, the appellate docket sheet, and a copy of the order granting its motion to dismiss the appeal. (Docs. 4-2, 4-3, 4-4.) In evaluating a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). A court may take "judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation." *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006). Finally, a court "may also look to public records," including docket sheets and case law, such as the Connecticut state court's dockets and decisions, in deciding a motion to

---

[2] Plaintiff does not attach the note to his Complaint though several of his allegations refer to it. *See* Doc. 1 ¶¶ 1, 3, 15, 38, 54, 55, 57. Although the court could consider the note, mortgage, and assignments at the motion to dismiss stage, *see Williams v. Long Beach Mortg. Co.*, No. 15-CV-5952, 2016 WL 5720810, at *1 n.1 (S.D.N.Y. Sept. 30, 2016) (noting "the Court considers the underlying Note, Mortgage, and assignment of the Mortgage, which are clearly referenced in, and integral to" the complaint), *aff'd*, 709 F. App'x 92 (2d Cir. 2018), DBA also did not attach any of the underlying documents.

3

dismiss. *Taylor v. Vt. Dept. of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002); *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (noting "docket sheets are public records of which the court [may] take judicial notice"); *see also Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998). Because Plaintiff references the Connecticut foreclosure action in his Complaint, and it is a matter of public record, the court takes judicial notice of it.

In March 2009, DBNTC initiated a foreclosure action against Mr. Reddy in Connecticut Superior Court. (Doc. 4-2 at 2-3.) Mr. Reddy filed an answer and then an amended answer. As Plaintiff alleges, the docket sheet lists an entry for judgment of dismissal on October 8, 2010. A "motion to reargue/reconsider" followed on October 28, 2010. (*Id.* at 5.) Presumably, the September 26, 2011 Order granted the motion as the litigation continued, albeit with a period of inactivity from that date until DBNTC filed for summary judgment on July 3, 2014.

In September 2014, the superior court granted summary judgment "with respect to liability only," finding "DBNTC has established, as a factual matter, that [Mr. Reddy] did enter into a contract and that [Mr. Reddy] is indebted to [DBNTC] as holder of the note." *Deutsche Bank Nat. Trust Co. v. Reddy*, No. FSTCV095010722S, 2014 WL 5099379, at *4 (Conn. Super. Ct. Sept. 5, 2014). The state court later denied a motion to reargue/reconsider, stating DBNTC "established the essential elements for summary judgment in a foreclosure action—possession of the note and defendant's status as a defaulting borrower." *Id.*, 2015 WL 3652091, at *1 (Conn. Super. Ct. May 20, 2015) (citing *Citimortgage, Inc. v. Coolbeth*, 147 Conn. App. 183, 188 (2013)). The docket sheet further reveals an October 7, 2014 "motion for judgment-strict foreclosure" which was granted on April 11, 2016. (Doc. 4-2 at 5.)

On May 5, 2016, Mr. Reddy moved to open the judgment, which was denied on May 9. On May 31, 2016, Mr. Reddy filed a notice of bankruptcy filing. Almost two years later, on

4

March 26, 2018, the court lifted the stay of proceedings and entered a judgment of strict foreclosure. On April 13, 2018, Mr. Reddy appealed. (*Id.* at 9.) The appellate docket sheet reveals DBNTC filed a motion to dismiss the appeal on June 8, 2018, which was opposed on June 18, 2018, and granted on June 27, 2018. (Doc. 4-3 at 3.)

## Discussion

### I. Failure to Serve Defendants

A review of the docket in this case reveals that, although the Complaint was filed on December 28, 2018, to date, no proofs of service have been filed. Federal Rule of Civil Procedure 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Rule 4(l)(1) requires proof of service be made to the Court. Accordingly, Plaintiff shall show good cause, on or before October 25, 2019, for his apparent failure to serve Deutsche Bank Trust Corporation, Deutsche Bank Trust Company Americas, and Deutsche Bank National Trust Company.[3] If Plaintiff should fail to respond, the case against these defendants will be dismissed without prejudice as required by Rule 4(m).

### II. Motion to Dismiss

DBA argues Plaintiff's action must be dismissed for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). In adjudicating such a motion to dismiss, the court must "accept as true all of the allegations contained in a complaint" and determine whether the complaint states a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

---

[3] Although Plaintiff has also not filed a proof of service on DBA, DBA acknowledges it has been served. *See* Doc. 4 at 1 n.1.

662, 678 (2009) (internal quotation marks omitted). A document filed by a self-represented litigant must be liberally construed to raise the strongest arguments it suggests. *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012); *see also Harris v. Miller*, 818 F.3d 49, 57 (2d Cir. 2016) (per curiam) (instructing a reviewing court to afford "special solicitude" to self-represented litigants). While "lenity . . . must attend the review of *pro se* pleadings[,]" self-represented litigants nevertheless must satisfy the plausibility standard set forth in *Iqbal* and Federal Rule of Civil Procedure 12(b)(6). *Harris v. Mills*, 572 F.3d 66, 68 (2d Cir. 2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks omitted). The district court's role "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 113 (2d Cir. 2010) (internal quotation marks omitted); *see also Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006) ("The purpose of Rule 12(b)(6) is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief *without* resolving a contest regarding its substantive merits.").

The court has diversity jurisdiction over this case under 28 U.S.C. § 1332(a)(1) and is thus required to apply Vermont law to the substantive issues. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

### A. Application of *Rooker-Feldman* Doctrine

DBA argues the *Rooker-Feldman* doctrine bars Plaintiff's claims. The *Rooker-Feldman* doctrine directs federal courts to abstain from considering claims if: (1) the plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state court judgment; (3) the plaintiff invites district court review of that judgment; and (4) the state court judgment was entered before the plaintiff's federal suit commenced. *McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010). Federal courts may not entertain "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). When it is asserted that a prior state court order precludes federal jurisdiction under the *Rooker-Feldman* doctrine, "the Court takes judicial notice of the state court record." *Gadreault v. Grearson*, No. 2:11-cv-63, 2011 WL 4915746, at *1 n.1 (D. Vt. Oct. 14, 2011).

The fundamental defect of DBA's argument is that Plaintiff was not a party to the state-court foreclosure action. *See* Doc. 4-2. The court declines to accept DBA's invitation to extend *Rooker-Feldman* in these circumstances. *See* Doc. 17 at 4-5.

### B. Statute of Limitations

DBA argues Plaintiff's claims are time-barred by statutes of limitation of either Vermont or Connecticut. Plaintiff describes the basis of his claims as defendants' "interfere[nce] with the security that buttresses plaintiff's ownership of the Debt." (Doc. 16 at 2.) Plaintiff alleges that "at all material times [he] was the purchaser of, and retained possession of, the Note." (Doc. 1 at 1-2, ¶ 1.) Plaintiff alleges the first assignment was made and recorded in the Weston land records in 2009. *See* Doc. 1 at 7, ¶ 22 ("The first falsified assignment dated July 8, 2009,

purported to assign the Reddy Mortgage . . . . The first falsified Assignment was then recorded in Volume 488 at Page 182 in the Weston Land Records."). Plaintiff did not file his action until December 28, 2018, over nine years later.

A claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980) (internal quotation marks omitted); *see also Wallace v. Kato*, 549 U.S. 384, 388 (2007) (noting the standard rule is a cause of action accrues "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief") (internal quotation marks omitted); *Calabrese v. McHugh*, 170 F. Supp. 2d 243, 257 (D. Conn. 2001) (noting in "Connecticut a cause of action accrues when a plaintiff suffers actionable harm").

In opposing the motion to dismiss, Plaintiff states "[t[here is no suggestion that Plaintiff was the owner of the debt in 2009." (Doc. 16 at 12.) Accepting as true that Plaintiff is the purchaser and possessor of the note, if he purchased the note at some point after 2009, Plaintiff would have had reason to know of the alleged "interference" with his security interest at the time of his purchase because he alleges the first assignment was made and recorded in the Weston land records in 2009. "The Supreme Court has stated that 'the law imputes knowledge when opportunity and interest, combined with reasonable care, would necessarily impart it.'" *Wanlass v. Gen. Elec. Co.*, 148 F.3d 1334, 1338 (Fed. Cir. 1998) (quoting *Wollensak v. Reiher*, 115 U.S. 96, 99 (1885)). A purchaser for value of a security interest would be expected to exercise reasonable care and inspect the land records concerning the property that secures the debt.

Because it is unclear from the face of the complaint when Plaintiff became the owner of the note, at this stage of the proceedings the court cannot determine whether a statute of limitation—the court does not determine what statutes may be applicable—bars any or all of

8

Plaintiff's claims. *See Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999) (dismissal of a complaint on statute of limitations grounds is appropriate on a motion to dismiss if the complaint clearly shows the claim is out of time). Additional information regarding Plaintiff's claims and the timeline of events may alter this conclusion.

### C. Failure to State a Claim

Plaintiff fails to allege sufficient facts to state a plausible claim for which relief can be granted on the following claims.

#### 1. Failure to Plausibly Allege Ownership of the Debt

Plaintiff claims that he suffered harm as the owner and holder of a note. In support of his claim, Plaintiff offers only the bare allegation that he purchased the note after Lydian placed it "into the stream of commerce." (Doc. 1 ¶ 15.) While ownership of the debt underlies each of Plaintiff's legal claim, the Complaint contains no allegations about the party from whom he purchased the note, the date and circumstances of the purchase, or the terms of the purchase.

DBA contends, among other things, that without any factual allegations about the note's endorsement Plaintiff cannot assert a plausible claim for relief. The Court agrees that Plaintiff's claims are conclusory and insufficient. Even when given the solicitude required for pro-se filings, the Complaint is not "plausible on its face" without additional factual allegations about Plaintiff's purchase of the note and any rights that may have arisen as a result of the terms of that purchase. *Iqbal*, 556 U.S. at 678.

#### 2. Slander of Title (Count 1)

DBA also moves to dismiss Plaintiff's claim for slander of title arguing the Complaint fails to state a claim because it does not allege Plaintiff has title to the property. (Doc. 4-1 at 10.)

Plaintiff responds that his "interest in the property is that he is the owner of the debt, and thus has a security interest" in the property. (Doc. 16 at 15.)

The elements of the tort of slander of title which are: (1) a false statement published by the defendant concerning plaintiff's title; (2) made with malice; and (3) causing special damages to the plaintiff. *Wharton v. Tri-State Drilling & Boring*, 2003 VT 19, ¶ 14, 175 Vt. 494, 824 A.2d 531. "The essence of the tort is the publication of an assertion that is derogatory to the plaintiff's title to property in an effort to prevent others from dealing with the plaintiff." *Id.* To maintain an action, the plaintiff must "have a transferable ownership interest capable of disparagement." *Sullivan v. Stear*, 2011 VT 37, ¶ 11, 189 Vt. 442, 23 A.3d 663,

Plaintiff has not adequately pled the elements of the tort of slander of title. Construing his allegations in the light most favorable to him, as it must at this stage, the court assumes Plaintiff's allegation that he has a security interest in the property is sufficient to maintain an action for slander of title. Although recording a document as a public record, "is most certainly a publication," *Sullivan*, 2011 VT ¶ 9, and assuming a false statement and that he has adequately pled special damages, Plaintiff has not alleged that DBA made the statement with any malice toward him. The Vermont Supreme Court defines malice as "conduct manifesting personal ill will, evidencing insult or oppression, or showing a reckless or wanton disregard of plaintiff's rights." *Wharton*, 2003 VT ¶ 16 (internal quotation marks omitted). In the absence of an allegation of malice, Plaintiff has not stated a claim for slander of title against DBA.

### 3. Theft by Conversion (Count 2)

A claim for theft by conversion is a civil cause of action for the return of property that rightfully belongs to another. *P.F. Jurgs & Co. v. O'Brien*, 629 A.2d 325, 329 (Vt. 1993). To establish a claim for conversion in Vermont, a plaintiff must show defendant "has appropriated

10

the property to that party's own use and beneficial enjoyment, has exercised dominion over it in exclusion and defiance of the owner's right, or has withheld possession from the owner under claim of title inconsistent with the owner's title." *Id.* at 328-29. "The key element of conversion is the wrongful exercise of dominion over property of another." *Id.* at 329.

Here, Plaintiff does not allege DBA has appropriated any property he owns or exercised dominion directly over any property of his. Construing his allegations in the light most favorable to him, Plaintiff has alleged that he had a security interest in property superior to the interest DBA claimed. This allegation is insufficient to demonstrate dominion over his property. Plaintiff has failed to state a claim for conversion.

### 4. Reformation of Instruments (Count 3)

As Plaintiff's claim for reformation of instruments is alleged only against DBNTC, DBNTC has not been served in this action, and the Court is considering only DBA's motion to dismiss, the Court does not consider whether Count 3 adequately states a claim at this time.

### 5. Interference with Financial Advantage (Count 4)

Plaintiff purports to allege a claim of interference with financial advantage. While no tort of that name exists in Vermont, the Vermont Supreme Court has recognized the tort of intentional interference with contractual relations. *See Mitchell v. Aldrich*, 163 A.2d 833, 835-36 (Vt. 1960). Under Vermont law, the elements of tortious interference are (1) the existence of a valid business relationship or expectancy; (2) knowledge by the defendant of the relationship or expectancy; (3) an intentional act of interference on the part of the defendant; (4) damage to the party whose relationship or expectancy was disrupted; and (5) proof that the interference caused the harm sustained. *Skaskiw v. Vt. Agency of Agric.*, 2014 VT 133, ¶ 24, 112 A.3d 1277, 1287 (2014). "Liability is not restricted to definite and enforceable contracts. Protection is

11

appropriate against unjustified interference with reasonable expectancies of profit[.]" *Vt. Nat'l Bank v. Dowrick*, 481 A.2d 396, 399 (Vt. 1984) (internal quotation marks omitted). Nonetheless, a party may interfere with another's interest "without liability if there is an acceptable purpose behind the interference." *Trepanier v. Getting Organized, Inc.*, 583 A.2d 583, 589 (Vt. 1990).

Here, Plaintiff has not alleged any knowledge on the part of DBA of his "financial interest in the ability of the non-party Reddy . . . to make payments on the Note." *See* Doc. 1 ¶ 54. The court notes Vermont has not recognized the tort of negligent interference with contractual relations. *See Trepanier*, 583 A.2d at 589 n.4. Indeed, the Vermont Supreme Court has noted "that most courts agree that the basis of liability for tortious interference is intent." *Id.* Accordingly, Plaintiff has failed to state a claim for tortious interference with his expectancy.

**Negligence (Count 5)**

Plaintiff alleges in Count 5 that Defendants are liable for negligence, a claim plead in the alternative to his claims of alleging intentional acts. Plaintiff asserts that the defendants "were and are negligent in their conduct and their handling of the matters in controversy and as respects their duties and obligations as to the Plaintiff." (Doc. 1 at 13, ¶ 62.) In addition to consisting only of conclusory allegations, Plaintiff fails to allege a legally cognizable basis for any duty owed by any Defendant to him. Accordingly, Count 5 fails to state a claim on which relief can be granted.

### III. Leave to Amend

The Second Circuit has cautioned that the court "should not dismiss a pro se complaint 'without granting leave to amend at least once,' unless amendment would be futile." *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Accordingly, Plaintiff may file

an Amended Complaint by October 25, 2019.  Any amended filing shall be entitled "Amended Complaint" and must allege all claims and name all defendants Plaintiff intends to include, as the Amended Complaint will take the place of the original Complaint in all respects.

## Conclusion

Plaintiff is hereby ORDERED to show good cause, on or before October 25, 2019, for his apparent failure to serve Deutsche Bank Trust Corporation, Deutsche Bank Trust Company Americas, and Deutsche Bank National Trust Company.  If Plaintiff fails to respond, the case against these defendants will be dismissed without prejudice.

Defendant Deutsche Bank Americas Holding Corporation's motion to dismiss the Complaint with prejudice (Doc. 4) is **GRANTED** in part and **DENIED** in part.  Plaintiff's Complaint against DBA is DISMISSED without prejudice; Plaintiff may file an Amended Complaint by October 25, 2019.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 30th day of September, 2019.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge